UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PERFEKT MARKETING, LLC,<br><br>　　　　　　　Plaintiff,<br>v.<br>LUXURY VACATION DEALS, LLC, et al.,<br>　　　　　　　Defendants.<br><br>CHICAGO TITLE COMPANY, INC.,<br>　　　　　　　Plaintiff in Intervention,<br>v.<br>PERFEKT MARKETING, LLC, et al.,<br>　　　　　　　Defendants in Intervention. | Case No. 2:15-cv-00717—JCM-PAL<br><br>**ORDER**<br>**and**<br>**REPORT AND RECOMMENDATION**<br><br>(Mot Interplead - Dkt. #10) |

Before the court is Chicago Title Company's Motion to Interplead Funds (Dkt. #10) filed April 22, 2015. The court scheduled a hearing for the motion on June 11, 2015. Karissa Neff appeared on behalf of Plaintiff/Defendant in Intervention Perfeckt Marketing., LLC. At a scheduling hearing held June 11, 2015 the court advised counsel for the parties who had appeared that this hearing may be vacated if no opposition to Chicago Title's Motion to Interplead was filed. No opposition was filed and neither counsel for the United States or Counsel for Plaintiff in Intervenor Chicago Title appeared.

## BACKGROUND

The initial complaint in this case was filed in state court and removed by the United States on April 17, 2015. It was a complaint in intervention filed by Chicago Title to deposit disputed funds deposited in Chicago Title's escrow trust account pursuant to purchase agreements executed between Luxury Vacation Deals, LLC ("LVD") and purchasers. Complaint

1

(Dkt. #1, ¶¶10, 11). LVD and Chicago Title entered into a written Escrow Agreement establishing the terms of the agreement and escrow instructions. *Id.*, ¶12. On December 3, 2014, Perfekt Marketing, LLC ("Perfekt Marketing") obtained an order directing Chicago Title to disburse the funds held in the security fund to Perfekt Marketing. *Id.*, ¶17. Chicago Title currently holds $60,120.25 in the fund. *Id.*, ¶17. Chicago Title received numerous conflicting claims to the money held in the security fund held by LVD's creditors. *Id.*, ¶18. Chicago Title requested that Perfekt Marketing, the creditors and LVD work together to determine who should receive the monies from the trust. *Id.*, ¶19. When the parties were unable to reach an agreement Chicago Title filed this interpleader action which identified persons and entities that had made demands of LVD and/or Chicago Title for sums on deposit.

Prior to removal, Perfekt Marketing filed an application of foreign judgment and affidavit of judgment creditor in state court on July 15, 2014. *See* Status Report (Dkt. #24). Perfekt Marketing then filed a motion for order directing disbursement of funds or, in the alternative, order to show cause to non-parties why the funds should not be disbursed. *Id.* A hearing on Perfekt Marketing's motion was held November 20, 2014, and the motion was granted. *Id.* On January 13, 2015, Chicago Title filed a motion to intervene to file a complaint in interpleader which requested relief under Rule 60 from this judgment and order because it had not been served or otherwise received notice of the Perfeck Marketing complaint. Both motions were briefed and a hearing on Chicago Title's motion to intervene and motion to lift judgment was held February 26, 2015. *Id.* Both motions were granted. Thereafter, Chicago Title filed a complaint in intervention to interplead funds in state court on March 13, 2015. This case was removed before the motion was decided.

All of the Defendants who claim an interest in the disputed funds have been served. However, only the United States has filed an answer in this court. The United States filed its answer and claim to recover a lien for internal revenue taxes on May 15, 2015.

The court held a scheduling conference on May 19, 2015. At the scheduling conference, the court encouraged the parties to meet and discuss apportionment of the funds on deposit once all parties were served to avoid depleting funds available for distribution from time consuming

1 and expensive motion practice.  The matter was continued for a status conference until July 21,
2 2015, to allow sufficient time for all of the Defendants who have been served to make an
3 appearance and discuss a potential resolution without incurring costs and attorney's fees that will
4 deplete the available funds.  However, the court left the hearing scheduled for June 11, 2015, on
5 Chicago Title's motion to interplead funds.

## DISCUSSION

7       Fed. R. Civ. P. 22 governs interpleader actions.  It allows interpleader of disputed funds
8 where a Plaintiff is subject to double or multiple liability.  Similarly, NRS § 645A.177 applies to
9 interpleader of funds deposited in an escrow established for the sale of real property.  It permits
10 the holder of an escrow who complies with the provisions of subsection 1 to be discharged from
11 further responsibility for the money which the holder of the escrow deposits with the court.
12 Subsection 1 allows an escrow holder in an action filed to recover money deposited in an escrow
13 to deposit the money less any fees or charges owed to the holder of the escrow with the court in
14 which the action is filed.  Subsection 3 of the statute also allows the escrow holder file an
15 interpleader action pursuant to Nevada Rule of Civil Procedure 22 to determine the rightful
16 claimant of the money deposited in the escrow.

17       All of the Defendants in Intervention were served in March, 2015.Answers or first
18 responsive pleadings were due in April, 2015, but none have been filed and no request for an
19 extension of time to appear has been submitted.  See Summons Returned Executed (Dkt
20 ##4,5,6,7& 8).  No response to the Motion to Interplead Funds

21       The Ninth Circuit has held that the court has discretion to award attorney's fees and costs
22 to the person or entity who possesses a fund to which adverse claims are made.  *Gelfgren The*
23 *Republic National Life Insurance Co., et al.*, 680 F.2d 79, 81 (9th Cir. 1992).  However, that
24 discretion is limited if the award   would diminish a distribution of the fund to satisfy a federal
25 tax lien.  *Abex Corp. v. Ski's Enterprises Inc., et al.,* 748 F.2d 513, 517 (9th Cir. 1984).  In *Abex*
26 the Ninth Circuit held that federal "governmental priority established under the tax lien statute
27 precludes an award of fees to the Plaintiff's stakeholder from an interpleader fund when such an
28 award would deplete the fund prior to the total satisfaction of the lien."  *Id.*  Chicago Title also

1  cites a Tenth Circuit case for the proposition that *Abex*'s decision does not necessarily bar a court
2  from awarding attorney's fees and costs from the portion of the funds allotted to a superior
3  claim. *United States v. Chapman*, *et al.,* 281 F.2d 862, 871 (10 th Cir. 1960).

4  At the hearing on May 19, 2015 counsel for the United States advised the court the
5  United States believes that one or more of the other Defendants have priority claims over the
6  fund proceeds. The United States' Answer contains a claim for Internal Revenue taxes in the
7  amount of $31,535.62 for $27,743.35 in tax assessments made against Henry R. Ingier in
8  February of 2013. Answer (Dkt. #22) ¶24. The United States alleges that if the funds sought to
9  be interpleaded are not exhausted by distribution to Luxury Vacation Deals, LLC's creditors, and
10 any money is available for distribution to the principals of Luxury Vacation Deals, that any funds
11 available to Ingier are subject to the IRS line by operation of federal tax law. *Id.*, ¶¶27, 28.

12 At the May 19, 2015 hearing counsel for Chicago Title advised the court that her client
13 would not apply for costs and attorneys' fees if the matter could be resolved without further
14 litigation.

15 Having reviewed and considered the matter,

16 **IT IS ORDERED** that Chicago Title's Motion to Interplead Funds (Dkt. #10) is
17 **GRANTED**, and it shall forthwith deposit the available escrow proceeds with the Clerk of the
18 Court.

19 The court finds that Chicago Title has complied with the requirements of Fed. R. Civ. P.
20 22 and NRS 645A.177. No opposition to the motion to interplead has been filed and the time for
21 filing a response has now run. The United States does not oppose the motion. The remaining
22 Defendants claiming an interest in disputed funds have been served, but have not appeared, and
23 the time for filing and answer or other appearance has now run. Accordingly,

24 **IT IS RECOMMENDED** that Chicago Title be dismissed from this action and
25 discharged from any further liability for funds on deposit in the escrow fund at issue in this case.

26 DATED this 12th day of June, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

4