UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PERFEKT MARKETING, LLC, | Case No. 2:15-CV-717 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| LUXURY VACATION DEALS, LLC, et al., | |
| Defendant(s). | |

Presently before the court are the report and recommendation of Magistrate Judge Leen. (Doc. # 26). No objections have been filed, and the deadline for filing objections has now passed.

This case arises out of a complaint in intervention to interplead funds filed by Chicago Title Company, Inc. ("Chicago Title"). Chicago Title holds $60,120.25 in a security fund for defendant Luxury Vacation Deals, LLC ("LVD"). (Doc. # 1-2).

LVD deposited these funds in Chicago Title's escrow trust account pursuant to purchase agreements executed between LVD and purchasers of sub-license agreements to LVD's "Travel To Go" travel club program. (Doc. # 1-2).

On December 3, 2014, plaintiff/defendant in intervention Perfekt Marketing, LLC ("Perfekt Marketing") obtained an order directing Chicago Title to disburse the amount in the security fund to Perfekt Marketing. However, LVD and Chicago Title have received numerous conflicting claims to the money by LVD's creditors. (Doc. # 1-2).

On April 22, 2015, Chicago Title filed a motion to interplead funds. (Doc. # 10). No opposition was filed. Accordingly, Judge Leen issued an order and report and recommendation, in which she granted the motion to interplead funds and recommended that Chicago Title be

**James C. Mahan**
**U.S. District Judge**

1  dismissed from the action and discharged from any further liability for funds on deposit in the
2  escrow fund. (Doc. # 26).

3  This court "may accept, reject, or modify, in whole or in part, the findings or
4  recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects
5  to a magistrate judge's report and recommendation, then the court is required to "make a de novo
6  determination of those portions of the [report and recommendation] to which objection is made."
7  28 U.S.C. § 636(b)(1).

8  Where a party fails to object, however, the court is not required to conduct "any review at
9  all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149
10 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a
11 magistrate judge's report and recommendation where no objections have been filed. *See United*
12 *States v. Reyna–Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review
13 employed by the district court when reviewing a report and recommendation to which no
14 objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003)
15 (reading the Ninth Circuit's decision in *Reyna–Tapia* as adopting the view that district courts are
16 not required to review "any issue that is not the subject of an objection."). Thus, if there is no
17 objection to a magistrate judge's recommendation, then this court may accept the recommendation
18 without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a
19 magistrate judge's recommendation to which no objection was filed).

20 Nevertheless, this court finds it appropriate to engage in a de novo review to determine
21 whether to adopt the recommendation of the magistrate judge. Upon reviewing the
22 recommendation and underlying briefs, this court finds good cause appears to ADOPT the
23 magistrate judge's findings in full.

24 Accordingly,

25 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and
26 recommendation of Magistrate Judge Leen, (doc. # 26), be, and the same hereby are, ADOPTED
27 in their entirety.

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  IT IS FURTHER ORDERED that upon deposit of the disputed funds, Chicago Title be
2  dismissed from this action and discharged from any further liability for funds on deposit in the
3  escrow fund at issue in this case.
4  DATED July 13, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**