UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PERFEKT MARKETING, LLC,<br><br>                                Plaintiff,<br>v.<br>LUXURY VACATION DEALS, LLC, et al.,<br><br>                                Defendants.<br>CHICAGO TITLE COMPANY, INC.,<br><br>                              Plaintiff in Intervention,<br>v.<br>PERFEKT MARKETING, LLC, et al.,<br><br>                              Defendants in Intervention. | Case No. 2:15-cv-00717-JCM-PAL<br><br>**ORDER**<br>**- AND -**<br>**REPORT OF FINDINGS AND**<br>**RECOMENDATION**<br><br>(Mot. Disbursement of Funds – Dkt. #33) |

This matter is before the court on the Motion for Disbursement of Funds (Dkt. #33) by Plaintiff / Defendant in Intervention Perfekt Marketing, LLC ("Perfekt Marketing"). No opposition to the motion was filed and the time for doing so has now passed. On October 29, 2015, the court held a hearing on the motion. Vernon Nelson and Karissa Neff appeared on behalf of Perfekt Marketing. The court has considered the motion and the representations of counsel at the hearing.

**BACKGROUND**

Plaintiff in Intervention Chicago Title Company ("Chicago Title") filed the complaint in this matter on March 13, 2015, and Defendant in Intervention United States Department of Treasury, Internal Revenue Service ("United States") subsequently removed the case to this court on April 17, 2015. *See* Petition for Removal (Dkt. #1). This matter arises from a 2011 written escrow agreement between Defendant in Intervention Luxury Vacation Deals, LLC

1

("LVD") and Chicago Title whereby Chicago Title held deposits in its escrow trust account related to purchase agreements executed by LVD and individual purchasers for vacation club memberships. *See* Complaint (Dkt. #1-2) ¶¶ 10–11. Perfekt Marketing provided marketing services to LVD by providing leads on qualified potential buyers. Motion (Dkt. #33) at 2.

On February 21, 2013, LVD executed an assignment of the purchasers' deposit monies held by Chicago Title (the "security fund") to Perfekt Marketing. *Id.*, Ex. B, Irrevocable Assignment of Proceeds in Security Fund Account. Perfekt Marketing also obtained a judgment in the amount of $87,886.52 against LVD and its principals. *Id.* Ex. A, Stipulated Judgment.

On July 15, 2014, Perfekt Marketing filed an application of foreign judgment and affidavit of judgment creditor in the state court. *See* Status Report (Dkt. #24). Perfekt Marketing then filed a motion for order directing disbursement of the security fund, which the state court granted. *Id.* On December 3, 2014, Perfekt Marketing obtained an order directing Chicago Title to disburse the security fund to Perfekt Marketing. Complaint (Dkt. #1-2) ¶ 17. On January 13, 2015, Chicago Title filed a motion to intervene, which requested relief under Rule 60 from the judgment and order and leave to file a complaint in interpleader. The state court granted the motion, and Chicago Title filed a complaint in intervention to interplead funds on March 13, 2015.

According to the Complaint, Chicago Title received numerous conflicting claims to the money held in the security fund by LVD's creditors. *Id.* ¶ 18. Chicago Title requested that Perfekt Marketing, the creditors, and LVD work together to determine who should receive the monies. *Id.* ¶ 19. When the parties were unable to reach an agreement, Chicago Title filed this interpleader action that identified persons and entities that made demands of LVD and/or Chicago Title for sums on deposit. At the time, Chicago Title held $60,120.25 in the security fund. *Id.* ¶ 17.

In March 2015, all Defendants in Intervention were served with Chicago Title's complaint. *See* Summons Returned Executed (Dkt. ##4–8). Responsive pleadings were due in April 2015, however, no Defendant in Intervention filed a request for extension of time to respond or a responsive pleading. On April 22, 2015, Chicago Title filed a Motion to Interplead

Funds (Dkt. #10). No opposition was filed and neither counsel for the United States nor Plaintiff in Intervenor Chicago Title appeared at the July 21, 2015 hearing on the motion. *See* Report of Findings & Recommendation (Dkt. #26). Thus, the undersigned granted the motion, directed Chicago Title to deposit the available escrow proceeds with the Clerk of the Court, and recommended that Chicago Title be dismissed from this action. *Id*. The district court conducted a de novo review and adopted the Report of Findings and Recommendation in its entirety. *See* Order (Dkt. #28).

During the hearing on Chicago Title's motion, the undersigned gave the counsel for Perfekt Marketing 60 days to file any motion they deemed appropriate to facilitate distribution of the funds. *See* Mins. of Proceedings (Dkt. #31). Perfekt Marketing filed its Motion for Disbursement of Funds (Dkt. #33) on September 21, 2015. The motion confirms that all Defendants in Intervention have been served and the only other interpleader defendant, the United States, has disclaimed its interest as to the security fund. *See* Answer (Dkt. #22); Notice of Disclaimer of Interest (Dkt. #32). Perfekt Marketing is the only party to claim an interest in the security fund; thus, the motion asks the court to issue an order directing disbursement of the security fund to Perfekt Marketing.

**DISCUSSION**

Rule 22 of the Federal Rules of Civil Procedure governs interpleader actions and allows interpleader of disputed funds where a Plaintiff is subject to double or multiple liability. "An interpleader action typically involves two stages. In the first stage, the district court decides whether the requirements for [a] rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund." *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012) (quoting *Mack v. Kuckenmeister*, 619 F.3d 1010, 1023 (9th Cir. 2010)). "If the district court finds that the interpleader action has been properly brought the district court will then make a determination of the respective rights of the claimants." *Id.* (quoting *Mack*, 619 F.3d at 1023–24).

Here, the court completed the first stage by finding that Chicago Title properly brought this interpleader action and complied with the requirements of Rule 22 and NRS 645A.177.[1] *See* Report of Findings & Recommendation (Dkt. #26). Therefore, the court may proceed to stage two. The court finds that all of the Defendants have been served and proof of service filed with the court. Only two interpleader defendants, the United States and Perfekt Marketing, filed an answer to Chicago Title's complaint. The United States has now disclaimed an interest as to the security fund, leaving Perfekt Marketing as the only party claiming an interest to the monies on deposit. Accordingly, the court will issue an order directing disbursement of the security fund to Perfekt Marketing.

Once the disbursement is made to Perfekt Marketing, no funds will remain on deposit with the Clerk of the Court and there will no longer be a case or controversy for the court's consideration.

Having reviewed and considered the matter,

**IT IS ORDERED** that

1. Plaintiff / Defendant in Intervention Perfekt Marketing, LLC's Motion for Disbursement of Funds (Dkt. #33) is **GRANTED**.
2. The Clerk of the Court is instructed to disburse the funds on deposit to Perfekt Marketing, LLC.

///
///
///
///
///

---

[1] NRS 645A.177 applies to interpleader of funds deposited in an escrow established for the sale of real property and permits the holder of an escrow who complies with the provisions of subsection 1 to be discharged from further responsibility for the money which the holder of the escrow deposits with the court. Subsection 1 allows an escrow holder in an action filed to recover money deposited in an escrow to deposit the money less any fees or charges owed to the holder of the escrow with the court in which the action is filed. Subsection 3 of the statute also allows the escrow holder file an interpleader action pursuant to Nevada Rule of Civil Procedure 22 to determine the rightful claimant of the money deposited in the escrow.

**IT IS RECOMMENDED** that this case be **DISMISSED** as there is no longer a case or controversy for the court to adjudicate.

Dated this 16th day of November, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE